UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

CARNELL BUTLER,

    Plaintiff,

v.                                                            Case No. 3:17cv422-MCR-CJK

MIDLAND FUNDING, et al.,

    Defendants.
_____/

ORDER and
REPORT AND RECOMMENDATION

This matter is before the court on defendants Midland Funding LLC and Tim Boland's motion to dismiss (doc. 14) and defendant Great Lakes Educational Loan Services, Inc.'s motion to dismiss (doc. 20). Plaintiff responded in opposition to the motions. (Docs. 18, 24). The matter is referred to the undersigned Magistrate Judge for a Report and Recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(E). After reviewing the parties' submissions, the undersigned recommends that the motions to dismiss be granted because the amended complaint fails to state a claim against the defendants for a violation of the Fair Credit Reporting Act. Plaintiff's claims, however, should be dismissed without prejudice to him filing a second amended complaint.

## BACKGROUND

Plaintiff, proceeding *pro se*, filed an amended complaint naming 6 defendants; (1) Midland Funding LLC ("Midland"); (2) Tim Boland, a manager at Midland; (3) Great Lakes Educational Services, Inc. ("Great Lakes"); (4) Equifax; (5) TransUnion; and (6) Experian. Plaintiff says he asked the defendants for: (1) "account records (original)"; (2) "documentation showing whether Midland Funding or Great Lakes are licensed, bonded, or insured"; (3) "the original contract or promissory note"; and (4) 'documentation showing why [his social security number] was sold to a third party debt collector." Defendants did not provide the requested information. Plaintiff claims "these companies have blatantly tarnished [his] credit report." He alleges each defendant violated the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq*. As relief, he seeks punitive damages of $580,000 "for hardship, harassment, fraud, and the selling of private information." Midland, Boland, and Great Lakes moved to dismiss the amended complaint, arguing they cannot be held liable under the FCRA for failing to provide the requested information.

## LEGAL STANDARD

In considering a motion to dismiss for failure to state a claim, the court reads plaintiff's *pro se* allegations in a liberal fashion, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), accepts all factual allegations in the complaint as true, and evaluates

all reasonable inferences derived from those facts in the light most favorable to the plaintiff. *Hunnings v. Texaco, Inc.*, 29 F.3d 1480, 1483 (11th Cir. 1994). A few exceptions modify this rule, such as where the facts alleged are internally inconsistent or where they run counter to facts of which the court can take judicial notice. 5B Charles A. Wright and Arthur R. Miller, *Federal Practice and Procedure* § 1357 (2008). Further, only <u>well-pleaded</u> factual allegations are taken as true and only <u>reasonable</u> inferences are drawn in favor of the plaintiff. *See Oladeinde v. City of Birmingham*, 963 F.2d 1481, 1485 (11th Cir. 1992); *see also Associated Builders, Inc. v. Ala. Power Co.*, 505 F.2d 97, 100 (5th Cir. 1974) ("unwarranted deductions of fact are not admitted as true"). Mere "labels and conclusions" are not accepted as true. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (*citing Papasan v. Allain*, 478 U.S. 265, 286 (1986)) (noting courts "are not bound to accept as true a legal conclusion couched as a factual allegation"); *Ashcroft v. Iqbal*, 556 U.S. 662, 680-81 (2009) (explaining that conclusory allegations are not entitled to a presumption of truth).

As the Supreme Court reiterated in *Iqbal*, although Rule 8 of the Federal Rules of Civil Procedure does not require detailed factual allegations, it does demand "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." 556 U.S. at 678. A complaint must state a plausible claim for relief, and "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to

draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The mere possibility the defendant acted unlawfully is insufficient to survive dismissal for failure to state a claim. *Id.* The complaint must include "[f]actual allegations . . . [sufficient] to raise a right to relief above the speculative level," *Twombly*, 550 U.S. at 555, or, "nudge[] the[] claim[] across the line from conceivable to plausible[.]" *Id.* at 570.

## DISCUSSION

"Congress enacted the Fair Credit Reporting Act to ensure 'fair and accurate credit reporting.'" *Pedro v. Equifax, Inc.*, 868 F.3d 1275, 1280 (11th Cir. 2017) (*quoting* 15 U.S.C. § 1681(a)(1)). "The FCRA imposes a host of requirements concerning the creation and use of consumer reports." *Spokeo, Inc. v. Robins*, — U.S. —, 136 S. Ct. 1540, 1545 (2016). Section 1681s-2(b) of the FCRA imposes obligations on furnishers of consumer credit information. These obligations, however are only triggered by "indirect" disputes—that is, when a furnisher receives notice from a consumer reporting agency that a consumer disputes certain information. *See* 15 U.S.C. § 1681i(a)(2); *Green v. RBS Nat'l Bank*, 288 F. App'x 641, 642 (11th Cir. 2008) ("The FCRA does provide a private right of action for a violation of § 1681s-2(b), but only if the furnisher received notice of the consumer's dispute from a consumer reporting agency.") (*citing* 15 U.S.C. § 1681s-2(b)(1)). Section 1681s-2(b) states that after receiving such notice, a furnisher shall:

> (A) conduct an investigation with respect to the disputed information;
>
> (B) review all relevant information provided by the consumer reporting agency pursuant to section 1681i(a)(2) of this title;
>
> (C) report the results of the investigation to the consumer reporting agency;
>
> (D) if the investigation finds that the information is incomplete or inaccurate, report those results to all other consumer reporting agencies to which the person furnished the information and that compile and maintain files on consumers on a nationwide basis; and
>
> (E) if an item of information disputed by a consumer is found to be inaccurate or incomplete or cannot be verified after any reinvestigation under paragraph (1), for purposes of reporting to a consumer reporting agency only, as appropriate, based on the results of the reinvestigation promptly—
>
>> (i) modify that item of information;
>>
>> (ii) delete that item of information; or
>>
>> (iii) permanently block the reporting of that item of information.

15 U.S.C. § 1681s-2(b)(1).

The amended complaint alleges the defendants failed to respond to plaintiff's requests for certain information and documentation. Midland and Boland argue they cannot be liable for a violation of § 1681s-2(b) because: (1) the amended complaint "lacks any facts plausibly alleging that either MF or Mr. Boland are 'furnishers of consumer credit information'"; (2) "[t]he FCRA neither requires a furnisher to respond to a direct dispute from a consumer nor holds furnishers liable for failing to respond to such disputes"; and (3) the FCRA requires that furnishers take action <u>only</u>

when notified of a consumer's dispute by a consumer reporting agency." (Doc. 14, p. 5).

Similarly, Great Lakes argues plaintiff has not stated a FCRA claim because the amended complaint: (1) "fails to allege what Great Lakes did, as distinguished from other defendants"; (2) fails to "allege that [plaintiff] reported a dispute to a Consumer Reporting Agency"; (3) "fails to allege that such a report was communicated to Great Lakes" and (4) fails to allege "any credit damage from any action by Great Lakes, nor that this credit damage impaired him in a way that caused him economic harm." (Doc. 20, p. 4-9).

The arguments set forth by Midland, Boland, and Great Lakes ring true. The amended complaint does not allege plaintiff reported a dispute to a consumer reporting agency or that the agency contacted defendants about the dispute. Nor does it allege defendants failed to conduct an investigation into the dispute. The amended complaint, therefore, fails to state a claim for relief under § 1681s-2(b).

In response to Midland and Boland's motion to dismiss, plaintiff suggested defendants violated 15 U.S.C. § 1681s-2(a)(1)(B), which states "[a] person shall not furnish information relating to a consumer to any consumer reporting agency if—(i) the person has been notified by the consumer, at the address specified by the person for such notices, that specific information is inaccurate; and (ii) the information is,

in fact, inaccurate."[1] (Doc. 18, p. 2). The amended complaint, however, does not support the claimed violation because it does not allege plaintiff notified defendants that specific information furnished to consumer reporting agencies was inaccurate and "the information is, in fact, inaccurate."

More importantly, "§ 1681s-2(c) expressly precludes consumers from enforcing the requirement that furnishers, under § 1681s-2(a), initially provide complete and accurate consumer information to a [consumer reporting agency]." *Boggio v. USAA Fed. Sav. Bank*, 696 F.3d 611, 615 (6th Cir. 2012); *see also* 15 U.S.C. § 1681s-2(d) (providing that § 1681s-2(a) "shall be enforced exclusively as provided under section 1681s of this title by the Federal agencies and officials and the State officials identified in section 1681s of this title"); *Nawab v. Unifund CCR Partners*, 553 F. App'x 856, 860 (11th Cir. 2013) (holding consumer lacked standing to bring claims under § 1681s-2(a)); *Green*, 288 F. App'x at 642 (holding the FCRA does not provide a private right of action to redress violations of § 1681s-2(a)). Plaintiff, therefore, cannot state a claim for relief under § 1681s-2(a)(1)(B).[2]

---

[1] One portion of plaintiff's response to Midland and Boland's motion to dismiss quotes 15 U.S.C. § 1681i(a)(1)(A). (Doc. 18, p. 1-2). That provision of the FCRA, however, applies to consumer reporting agencies, not furnishers of credit information.

[2] To the extent plaintiff is attempting to bring claims pursuant to 42 U.S.C. § 1983, those claims fail because defendants are private entities, not state actors. *See Harvey v. Harvey*, 949 F.2d 1127, 1130 (11th Cir. 1992) ("Only in rare circumstances can a private party be viewed as a 'state actor' for section 1983 purposes."). Plaintiff says both Midland Funding and Great Lakes should be considered state actors because "they are both contracted to collect a debt by a government entity and are thereby governed by their regulation." (Doc. 18, p. 2). Specifically, plaintiff says Midland

Because the amended complaint fails to state a claim, defendants ask that it be dismissed with prejudice. (Docs. 14, 20). "Generally, '[w]here a more carefully drafted complaint might state a claim, a plaintiff must be given at least one chance to amend the complaint before the district court dismisses the action with prejudice.'" *Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001) (*quoting Bank v. Pitt*, 928 F.2d 1108, 1112 (11th Cir. 1991)). Plaintiff did not plead the FCRA claim with sufficient specificity to satisfy Rule 8 and the *Twombly/Iqbal* principles. Considering plaintiff's *pro se* status, though, the court cannot exclude the possibility, however remote, plaintiff may be able to state a cognizable claim with a more carefully drafted complaint. Recognizing the court should freely give leave to amend when justice so requires, the undersigned recommends that plaintiff's claims be dismissed without prejudice to plaintiff filing an amended complaint within 30 days.

Accordingly, it is ORDERED:

1. The clerk shall send plaintiff a civil complaint form. This case number and the words "Second Amended Complaint" should be written on the form.

And it is respectfully RECOMMENDED:

---

Funding "is collecting for Synchrony Bank which is governed under the Federal Deposit Insurance Company" and Great Lakes "is collecting for Stafford Loan which is also a government entity[.]" (*Id.*). These facts do not suggest defendants can be classified as state actors for purposes of § 1983.

1. That defendants Midland Funding LLC and Tim Boland's motion to dismiss (doc. 14) be GRANTED and plaintiff's claims against Midland Funding and Boland be DISMISSED WITHOUT PREJUDICE.

2. That defendant Great Lakes Educational Loan Services, Inc.'s motion to dismiss (doc. 20) be GRANTED and plaintiff's claims against Great Lakes be DISMISSED WITHOUT PREJUDICE.

3. That plaintiff be given 30 days to file a second amended complaint. That plaintiff's claims against defendants Midland Funding LLC, Tim Boland, and Great Lakes Educational Loan Services, Inc., be dismissed with prejudice if plaintiff does not file a second amended complaint.

At Pensacola, Florida, this 11th day of December, 2017.

*/s/ Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**