UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

CARNELL BUTLER,

     Plaintiff,

v.                                            Case No. 3:17cv422-MCR-CJK

MIDLAND FUNDING, et al.,

     Defendants.

_____/

## REPORT AND RECOMMENDATION

This matter is before the court on Midland Funding LLC's motion to dismiss (doc. 39), Trans Union LLC's motion to dismiss (doc. 40), and Great Lakes Educational Loan Services, Inc.'s motion to dismiss (doc. 42). Plaintiff responded in opposition to the motions. (Doc. 44). The matter has been referred to the undersigned Magistrate Judge for a Report and Recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(E). After reviewing the parties' submissions, the undersigned recommends the motions to dismiss be granted because the second amended complaint fails to state a claim against the defendants for violating the Fair Credit Reporting Act ("FCRA").

## BACKGROUND

Plaintiff, proceeding *pro se*, filed a second amended complaint naming 5 defendants: (1) Midland Funding LLC ("Midland"); (2) Great Lakes Educational

Services, Inc. ("Great Lakes"); (3) Trans Union LLC; (4) Experian Information Solutions, Inc.; and (5) Equifax Information Services LLC.[1] (Doc. 36). The second amended complaint alleges plaintiff "consistently asked" the defendants "for the original documentation with an original wet signature along with the accounting history showing when the account was first opened and the date of last payment made." Plaintiff claims "[e]ach request has gone unnoticed without any answer and then to be told that the accounts have been verified without proof." He says:

> Each time the consumer disputed the accounts to all three [consumer reporting agencies ("CRAs")] and businesses meaning Midland Funding and Great Lakes Servicer and as a result of a reinvestigation they have all stated in writing that they "Verified" that these items are being "reported correctly" however, they still have not identified who in their company verified the accuracy of these accounts or how they verified them nor have they provided the physical proof of such verification. For my accounts to be verified my credit application or the original document(s) I signed must be provided by the creditor and lender which they have in their possession not the CRAs, the FCRA involves the CRAs having copies of my original signed credit application in their files in order to place those items in my credit report.

In addition, he asserts that under 15 U.S.C. § 1681g, "once a consumer asks for disclosures a consumer reporting agency shall provide to a consumer with each written disclosure by the agency to the consumer, the CRA must grant [plaintiff's]

---

[1] Defendants Midland Funding and Great Lakes previously moved to dismiss the amended complaint. (Docs. 14, 20). The court granted their motions, and dismissed plaintiff's claims against the defendants without prejudice to him filing a second amended complaint. (Docs. 28, 37).

request by providing [him] with the copies of the original documents that [he] signed with the original creditor or lenders."

Based on the foregoing, plaintiff alleges the defendants violated the FCRA, 15 U.S.C. § 1681 *et seq*. Specifically, he claims the defendants violated 15 U.S.C. §§ 1681, 1681d, 1681g, 1681s-2, 1681n, and 1681o.[2] As relief, he seeks compensatory damages of $180,000 and punitive damages of $580,000. Midland, Great Lakes, and Trans Union moved to dismiss the second amended complaint, arguing: (1) they cannot be held liable under the FCRA for failing to provide the requested documents; and (2) plaintiff's allegations do not otherwise constitute a violation of the FCRA. (Docs. 39, 40, 42).

Plaintiff responded in opposition to Midland's, Great Lakes', and Trans Union's motions to dismiss. (Doc. 44). The response, however, does not address the arguments raised in the motions. Instead, plaintiff asks the court to compel the defendants to produce documents. The response also attempts to introduce conclusory allegations not included in the second amended complaint. Because plaintiff failed to include these allegations in the second amended complaint—which the court ordered plaintiff to file after granting Midland's and Great Lakes' initial

---

[2] Section 1681 sets forth Congressional findings and a statement of the FCRA's purpose. Sections 1681n and 1681o create civil liability for willful and negligent noncompliance with the FCRA's substantive provisions.

motions to dismiss—the new allegations will not be considered when evaluating the current motions to dismiss.

LEGAL STANDARD

In considering a motion to dismiss for failure to state a claim, the court reads plaintiff's *pro se* allegations in a liberal fashion, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), accepts all factual allegations in the complaint as true, and evaluates all reasonable inferences derived from those facts in the light most favorable to the plaintiff.  *Hunnings v. Texaco, Inc.*, 29 F.3d 1480, 1484 (11th Cir. 1994).  A few exceptions exist to this rule, such as where the facts alleged are internally inconsistent or where they run counter to facts of which the court can take judicial notice.  5B Charles A. Wright and Arthur R. Miller, Federal Practice and Procedure § 1357 (2008).  Further, only well-pleaded factual allegations are taken as true and only reasonable inferences are drawn in favor of the plaintiff.  *See Oladeinde v. City of Birmingham*, 963 F.2d 1481, 1485 (11th Cir. 1992); *see also Associated Builders, Inc. v. Ala. Power Co.*, 505 F.2d 97, 100 (5th Cir. 1974) ("unwarranted deductions of fact are not admitted as true").  Mere "labels and conclusions" are not accepted as true.  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (*citing Papasan v. Allain*, 478 U.S. 265, 286 (1986)) (noting courts "are not bound to accept as true a legal conclusion couched as a factual allegation"); *Ashcroft v. Iqbal*, 556 U.S. 662,

680-81 (2009) (explaining that conclusory allegations are not entitled to a presumption of truth).

As the Supreme Court reiterated in *Iqbal*, although Rule 8 of the Federal Rules of Civil Procedure does not require detailed factual allegations, it does demand "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." 556 U.S. at 678. A complaint must state a plausible claim for relief, and "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The mere possibility the defendant acted unlawfully is insufficient to survive dismissal for failure to state a claim. *Id.* The complaint must include "[f]actual allegations . . . [sufficient] to raise a right to relief above the speculative level," *Twombly*, 550 U.S. at 555, or, "nudge[] the[] claim[] across the line from conceivable to plausible[.]" *Id.* at 570.

## DISCUSSION

"Congress enacted the Fair Credit Reporting Act to ensure 'fair and accurate credit reporting.'" *Pedro v. Equifax, Inc.*, 868 F.3d 1275, 1280 (11th Cir. 2017) (*quoting* 15 U.S.C. § 1681(a)(1)). "The FCRA imposes a host of requirements concerning the creation and use of consumer reports." *Spokeo, Inc. v. Robins*, —U.S. —, 136 S. Ct. 1540, 1545 (2016). "To achieve its purpose, the FCRA places distinct obligations on three types of entities: consumer reporting agencies, users of

consumer reports, and furnishers of information to consumer reporting agencies."
*Chipka v. Bank of Am.*, 355 F. App'x 380, 382 (11th Cir. 2009) (citations omitted).

Midland Funding and Great Lakes

The second amended complaint alleges defendants Midland and Great Lakes violated 15 U.S.C. § 1681s-2, which imposes obligations on furnishers of consumer credit information. Plaintiff cannot bring a claim based on § 1681s-2(a), because "§ 1681s-2(c) expressly precludes consumers from enforcing the requirement that furnishers, under § 1681s-2(a), initially provide complete and accurate consumer information to a CRA." *Boggio v. USAA Fed. Sav. Bank*, 696 F.3d 611, 615 (6th Cir. 2012); *see also* 15 U.S.C. § 1681s-2(d) (providing that § 1681s-2(a) "shall be enforced exclusively as provided under section 1681s of this title by the Federal agencies and officials and the State officials identified in section 1681s of this title"); *Nawab v. Unifund CCR Partners*, 553 F. App'x 856, 860 (11th Cir. 2013) (holding consumer lacked standing to bring claims under § 1681s-2(a)); *Green v. RBS Nat'l Bank*, 288 F. App'x 641, 642 (11th Cir. 2008) (holding the FCRA does not provide a private right of action to redress violations of § 1681s-2(a)).

"The FCRA does provide a private right of action for a violation of § 1681s-2(b), but only if the furnisher received notice of the consumer's dispute from a consumer reporting agency." *Green*, 288 F. App'x at 642 (11th Cir. 2008) (*citing*

15 U.S.C. § 1681s-2(b)(1)).   Section 1681s-2(b) states that after receiving such

notice, a furnisher shall:

> (A) conduct an investigation with respect to the disputed information;
>
> (B) review all relevant information provided by the consumer reporting agency pursuant to section 1681i(a)(2) of this title;
>
> (C) report the results of the investigation to the consumer reporting agency;
>
> (D) if the investigation finds that the information is incomplete or inaccurate, report those results to all other consumer reporting agencies to which the person furnished the information and that compile and maintain files on consumers on a nationwide basis; and
>
> (E) if an item of information disputed by a consumer is found to be inaccurate or incomplete or cannot be verified after any reinvestigation under paragraph (1), for purposes of reporting to a consumer reporting agency only, as appropriate, based on the results of the reinvestigation promptly—
>
>> (i) modify that item of information;
>>
>> (ii) delete that item of information; or
>>
>> (iii) permanently block the reporting of that item of information.

15 U.S.C. § 1681s-2(b)(1).

The second amended complaint alleges the defendants failed to provide

plaintiff with documents verifying the information on his credit report.  As Midland

and Great Lakes correctly note, though, the second amended complaint does not

allege: (1) a CRA notified Midland or Great Lakes about a dispute; or (2) Midland

or Great Lakes failed to conduct a reasonable investigation into such a dispute.[3] *See Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147, 1154 (9th Cir. 2009) (Section 1681s-2(b) "duties arise only after the furnisher receives notice of dispute from a CRA; notice of a dispute received directly from the consumer does not trigger furnishers' duties under subsection (b).").  And § 1681s-2(b) does not require Midland and Great Lakes to provide plaintiff with "original documentation" or sworn "verification."  *See* 15 U.S.C. § 1681s-2(b)(1) (requiring a furnisher, upon notice of a dispute, to conduct an investigation and "report the results of the investigation *to the consumer reporting agency*") (emphasis added).  The second amended complaint, therefore, fails to state a claim for relief under § 1681s-2(b).

Trans Union

With respect to CRAs, the second amended complaint alleges Trans Union violated 15 U.S.C. §§ 1681d and 1681g.  Section § 1681d, however, concerns the disclosure of investigative consumer reports.  The term "investigative consumer report" is defined as:

> a consumer report or portion thereof in which information on a consumer's character, general reputation, personal characteristics, or mode of living is obtained through personal interviews with neighbors, friends, or associates of the consumer reported on or with others with whom he is acquainted or who may have knowledge concerning any such items of information.  However, such information shall not include

---

[3] Midland also correctly notes the second amended complaint does not properly identify Midland as a furnisher because it does not allege Midland "provided any information about Plaintiff to any consumer reporting agency for inclusion in a consumer credit report."  (Doc. 39, p. 5).

> specific factual information on a consumer's credit record obtained
> directly from a creditor of the consumer or from a consumer reporting
> agency when such information was obtained directly from a creditor of
> the consumer or from the consumer.

15 U.S.C. § 1681a(e). Because none of plaintiff's allegations relate to the disclosure of an "investigative consumer report," he failed to state a claim for a violation of § 1681d.

Likewise, plaintiff has not stated a claim against Trans Union for violating § 1681g. Plaintiff asserts § 1681g requires CRAs to provide the consumer "with the copies of the original documents [he] signed with the original creditor or lenders" upon his request. (Doc. 36, p. 10). Section 1681g also grants a consumer the right to obtain a copy of his credit report and certain other information. *See Houghton v. N.J. Mfrs. Ins. Co.*, 795 F.2d 1144, 1147 n.4 (3d Cir. 1986) ("Section 1681g requires consumer reporting agencies to disclose to a consumer, upon request, the nature, substance, and sources of information in their files that pertain to the consumer. All recipients of consumer reports must also be identified.") (*citing* 15 U.S.C. § 1681g(a)(1)-(3)); *Oses v. Corelogic Saferent, LLC*, 171 F. Supp. 3d 775, 782 (N.D. Ill. 2016) ("Under 15 U.S.C. § 1681g, a consumer reporting agency is required to provide a consumer with a disclosure of his full file upon request[.]"). The provision, however, does not mandate that Trans Union obtain and provide plaintiff with the original loan documents he signed. The second amended complaint, therefore, fails to state a claim against Trans Union for violating § 1681g.

Plaintiff does not cite §§ 1681e or 1681i in the second amended complaint. Trans Union, nevertheless, notes he cannot state a claim under either of those provisions because he does not allege his credit report contains any inaccuracies. *See Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 890 (9th Cir. 2010) ("[A] plaintiff filing suit under section 1681i must make a 'prima facie showing of inaccurate reporting.'") (*quoting Dennis v. BEH-1, LLC*, 520 F.3d 1066, 1069 (9th Cir. 2008)); *Ray v. Equifax Info. Servs., LLC*, 327 F. App'x 819, 826 (11th Cir. 2009) ("To establish a *prima facie* violation of § 1681e(b), a consumer must present evidence that (1) a credit reporting agency's report was inaccurate and (2) that the inaccurate report was a causal factor in the denial of his credit application."). Although the second amended complaint states plaintiff "disputed the accounts," it does not: (1) assert the credit reports contained inaccuracies; or (2) describe those inaccuracies. Instead the complaint focuses on the defendants' failure to provide plaintiff with documents related to the credit accounts. Thus, the second amended complaint fails to state a claim for relief against Midland, Great Lakes, and Trans Union.

Accordingly, it is respectfully RECOMMENDED:

1. That defendants Midland Funding LLC's motion to dismiss (doc. 39) be GRANTED and plaintiff's claims against Midland Funding be DISMISSED WITH PREJUDICE.

2.      That Trans Union LLC's motion to dismiss (doc. 40) be GRANTED and plaintiff's claims against Trans Union be DISMISSED WITH PREJUDICE.

3.      That defendant Great Lakes Educational Loan Services, Inc.'s motion to dismiss (doc. 42) be GRANTED and plaintiff's claims against Great Lakes be DISMISSED WITH PREJUDICE.

At Pensacola, Florida, this 17th day of May, 2018.


*/s/* *Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**



NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations may be filed within 14 days after being served a copy thereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.  A copy of objections shall be served upon the Magistrate Judge and all other parties. A party failing to object to a Magistrate Judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. R. 3-1; 28 U.S.C. § 636.