UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

CARNELL BUTLER,

    Plaintiff,

v.                                    Case No. 3:17cv422-MCR-CJK

EQUIFAX INFORMATION
SERVICES LLC, et al.,

    Defendants.
_____/

REPORT AND RECOMMENDATION

This matter is before the court on defendants Experian Information Solutions, Inc. ("Experian") and Equifax Information Services, LLC's ("Equifax") motion for judgment on the pleadings. (Doc. 53). Plaintiff responded in opposition to the motion. (Docs. 57, 62, 64). The matter has been referred to the undersigned Magistrate Judge for a Report and Recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(E). After reviewing the parties' submissions, the undersigned recommends the motion for judgment on the pleadings be granted because the second amended complaint fails to state a claim against Experian or Equifax for violating the Fair Credit Reporting Act ("FCRA").

## BACKGROUND

The second amended complaint names 5 defendants: (1) Midland Funding LLC ("Midland"); (2) Great Lakes Educational Services, Inc. ("Great Lakes"); (3) Trans Union LLC; (4) Experian; and (5) Equifax.[1] (Doc. 36). It contains allegations related to plaintiff's credit history. Plaintiff says he "consistently asked" the defendants "for the original documentation with an original wet signature along with the accounting history showing when the account was first opened and the date of last payment made." Plaintiff claims "[e]ach request has gone unnoticed without any answer and then to be told that the accounts have been verified without proof." He says:

> Each time the consumer disputed the accounts to all three [consumer reporting agencies ("CRAs")] and businesses meaning Midland Funding and Great Lakes Servicer and as a result of a reinvestigation they have all stated in writing that they "Verified" that these items are being "reported correctly" however, they still have not identified who in their company verified the accuracy of these accounts or how they verified them nor have they provided the physical proof of such verification. For my accounts to be verified my credit application or the original document(s) I signed must be provided by the creditor and lender which they have in their possession not the CRAs, the FCRA involves the CRAs having copies of my original signed credit application in their files in order to place those items in my credit report.

In addition, he asserts that under 15 U.S.C. § 1681g, "once a consumer asks for disclosures a consumer reporting agency shall provide to a consumer with each

---

[1] The claims against defendants Midland, Great Lakes, and Trans Union were previously dismissed with prejudice. (Docs. 49, 50).

written disclosure by the agency to the consumer, the CRA must grant [plaintiff's] request by providing [him] with the copies of the original documents that [he] signed with the original creditor or lenders."

Based on the foregoing, plaintiff alleges the defendants violated the FCRA, 15 U.S.C. § 1681 *et seq*. Specifically, he claims the defendants violated 15 U.S.C. §§ 1681, 1681d, 1681g, 1681s-2, 1681n, and 1681o.[2]  As relief, he seeks compensatory damages of $180,000 and punitive damages of $580,000.

After filing answers to the complaint (docs. 38, 41), Experian and Equifax moved for judgment on the pleadings, arguing: (1) plaintiff fails to identify what specific information was allegedly inaccurate on his Experian or Equifax credit reports; (2) consumer reporting agencies have no duty to provide a consumer with "original documents" signed with the "original creditor or lender"; and (3) plaintiff has not alleged facts showing defendants failed to conduct a reasonable reinvestigation pursuant to 15 U.S.C. § 1681i. (Doc. 53).

Plaintiff responded in opposition to defendants' motion for judgment on the pleadings. (Docs. 57, 62, 64). The responses, however, do not directly address the

---

[2] Sections 1681, 1681n, and 1681o are not substantive provisions of the FCRA. Section 1681 sets forth Congressional findings and a statement of the FCRA's purpose. Sections 1681n and 1681o create civil liability for willful and negligent noncompliance with the FCRA's substantive provisions. In addition, plaintiff cannot state a claim against Experian and Equifax for violating § 1681s-2. That provision imposes obligations on furnishers of consumer credit information, not consumer reporting agencies.

arguments raised in the motion. Instead, plaintiff asks the court to compel the defendants to produce documents (doc. 62, p. 2; doc. 64, p. 1), and attempts to introduce conclusory allegations not included in the second amended complaint.[3]

## LEGAL STANDARD

"A motion for judgment on the pleadings is governed by the same standard as a Rule 12(b)(6) motion to dismiss." *Guarino v. Wyeth LLC*, 823 F. Supp. 2d 1289, 1291 (M.D. Fla. 2011) (*citing Hawthorne v. Mac Adjustment, Inc.*, 140 F.3d 1367, 1370 (11th Cir. 1998)). "Judgment on the pleadings is appropriate where there are no material facts in dispute and the moving party is entitled to judgment as a matter of law." *Cannon v. City of W. Palm Beach*, 250 F.3d 1299, 1301 (11th Cir. 2001). "In determining whether a party is entitled to judgment on the pleadings, we accept as true all material facts alleged in the non-moving party's pleading, and we view those facts in the light most favorable to the non-moving party." *Perez v. Wells Fargo N.A.*, 774 F.3d 1329, 1335 (11th Cir. 2014).

As the Supreme Court reiterated in *Iqbal*, although Rule 8 of the Federal Rules of Civil Procedure does not require detailed factual allegations, it does demand "more than an unadorned, the-defendant-unlawfully-harmed-me accusation."

---

[3] *See Rosa v. Fla. Dep't of Corr.*, 522 F. App'x 710, 714 (11th Cir. 2013) ("[W]hile *pro se* pleadings are liberally construed, 'this leniency does not give a court license to serve as *de facto* counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action.'") (*quoting GJR Invs., Inc. v. Cty. of Escambia, Fla.*, 132 F. 3d 1359, 1369 (11th Cir. 1998)).

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint must state a plausible claim for relief, and "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The mere possibility the defendant acted unlawfully is insufficient to survive dismissal for failure to state a claim. *Id.* The complaint must include "[f]actual allegations . . . [sufficient] to raise a right to relief above the speculative level," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007), or, "nudge[] the[] claim[] across the line from conceivable to plausible[.]" *Id.* at 570.

## DISCUSSION

"Congress enacted the Fair Credit Reporting Act to ensure 'fair and accurate credit reporting.'" *Pedro v. Equifax, Inc.*, 868 F.3d 1275, 1280 (11th Cir. 2017) (*quoting* 15 U.S.C. § 1681(a)(1)). "The FCRA imposes a host of requirements concerning the creation and use of consumer reports." *Spokeo, Inc. v. Robins*, — U.S. —, 136 S. Ct. 1540, 1545 (2016). "To achieve its purpose, the FCRA places distinct obligations on three types of entities: consumer reporting agencies, users of consumer reports, and furnishers of information to consumer reporting agencies." *Chipka v. Bank of Am.*, 355 F. App'x 380, 382 (11th Cir. 2009) (citations omitted).

The second amended complaint alleges Experian and Equifax violated 15 U.S.C. §§ 1681d and 1681g. Section § 1681d, however, regulates the disclosure of

investigative consumer reports. The term "investigative consumer report" is defined as:

> a consumer report or portion thereof in which information on a consumer's character, general reputation, personal characteristics, or mode of living is obtained through personal interviews with neighbors, friends, or associates of the consumer reported on or with others with whom he is acquainted or who may have knowledge concerning any such items of information. However, such information shall not include specific factual information on a consumer's credit record obtained directly from a creditor of the consumer or from a consumer reporting agency when such information was obtained directly from a creditor of the consumer or from the consumer.

15 U.S.C. § 1681a(e). Because none of plaintiff's allegations concern the disclosure of an "investigative consumer report," he has failed to state a claim for a violation of § 1681d.

Likewise, plaintiff has not stated a claim against Experian or Equifax for violating § 1681g. Plaintiff asserts § 1681g requires CRAs to provide him "with the copies of the original documents [he] signed with the original creditor or lenders" upon his request. (Doc. 36, p. 10). Section 1681g does grant a consumer the right to obtain a copy of his credit report and certain other information. *See Houghton v. N.J. Mfrs. Ins. Co.*, 795 F.2d 1144, 1147 n.4 (3d Cir. 1986) ("Section 1681g requires consumer reporting agencies to disclose to a consumer, upon request, the nature, substance, and sources of information in their files that pertain to the consumer. All recipients of consumer reports must also be identified.") (*citing* 15 U.S.C. § 1681g(a)(1)-(3)); *Oses v. Corelogic Saferent, LLC*, 171 F. Supp. 3d 775, 782 (N.D.

Ill. 2016) ("Under 15 U.S.C. § 1681g, a consumer reporting agency is required to provide a consumer with a disclosure of his full file upon request[.]"). The provision, however, does not mandate that Experian or Equifax obtain and provide plaintiff with the original loan documents he signed. The second amended complaint, therefore, fails to state a claim against Experian or Equifax for violating § 1681g.

Although plaintiff did not reference 15 U.S.C. §§ 1681e or 1681i in the second amended complaint, he cannot state a claim under either provision because he does not allege his credit report contains any inaccuracies. *See Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 890 (9th Cir. 2010) ("[A] plaintiff filing suit under section 1681i must make a 'prima facie showing of inaccurate reporting.'") (*quoting Dennis v. BEH-1, LLC*, 520 F.3d 1066, 1069 (9th Cir. 2008)); *Jackson v. Equifax Info. Servs., LLC*, 167 F. App'x 144, 146 (11th Cir. 2006) ("To establish a *prima facie* violation of § 1681e(b), a consumer must present evidence that a credit reporting agency's report was inaccurate."). Although the second amended complaint states plaintiff "disputed the accounts," it does not: (1) assert the credit reports contained inaccuracies; or (2) describe those inaccuracies with any specificity. Instead the complaint focuses on the defendants' failure to provide plaintiff with the documents he signed with creditors.

Furthermore, the second amended complaint does not contain facts suggesting: (1) defendants failed to follow reasonable procedures when preparing

plaintiff's credit report; (2) defendants failed to conduct a reasonable reinvestigation into a dispute; or (3) an inaccurate credit report created by defendants caused the denial of a credit application. *See Hinkle v. Midland Credit Mgmt., Inc.*, 827 F.3d 1295, 1301 (11th Cir. 2016) ("When a consumer disputes information with a CRA, the CRA must '"conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate."'") (*quoting* 15 U.S.C. § 1681i(a)(1)(A)); *Ray v. Equifax Info. Servs., LLC*, 327 F. App'x 819, 826 (11th Cir. 2009) ("To establish a *prima facie* violation of § 1681e(b), a consumer must present evidence that (1) a credit reporting agency's report was inaccurate and (2) that the inaccurate report was a causal factor in the denial of his credit application."); *Guimond v. Trans Union Credit Info. Co.*, 45 F.3d 1329 (9th Cir. 1995) ("Liability under § 1681e(b) is predicated on the reasonableness of the credit reporting agency's procedures in obtaining credit information."). Thus, the second amended complaint fails to state a claim for relief under §§ 1681e or 1681i.

Accordingly, it is respectfully RECOMMENDED:

1. That defendants Experian and Equifax's motion for judgment on the pleadings (doc. 53) be GRANTED and plaintiff's claims against Experian and Equifax be DISMISSED WITH PREJUDICE.

2. That the remaining pending motions (docs. 63, 65) be DENIED AS MOOT.

3.     That the clerk be directed to close the file.

At Pensacola, Florida, this 12th day of October, 2018.

*/s/* **Charles J. Kahn, Jr.**
**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations may be filed within 14 days after being served a copy thereof. Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control. A copy of objections shall be served upon the Magistrate Judge and all other parties. A party failing to object to a Magistrate Judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. R. 3-1; 28 U.S.C. § 636.